UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MELVIN BREWER, a/k/a Rico; JOSHUA BLACK FEATHER; and ALEX RESPECTS NOTHING,<br><br>　　　　　Defendants. | 5:20-CR-50065-KES<br><br><br>ORDER GRANTING<br>MOTION FOR JOINDER |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WILLIAM REDDY, a/k/a Billy Reddy,<br><br>　　　　　Defendant. | 5:20-CR-50123-KES<br><br><br>ORDER GRANTING<br>MOTION FOR JOINDER |

　　　The United States moves for a joint trial of the above-captioned cases. CR 20-50065 Docket 141; CR 20-50123 Docket 32. Defendants Melvin Brewer, William Reddy, and Joshua Black Feather[1] do not object. Alex Respects objects. CR 20-50065 Dockets 143, 144. For the following reasons, the court grants the motion for joinder.

---

[1] Black Feather entered a plea of guilty to the charge in the Indictment on April 21, 2021. CR 20-50065 Docket 99. The court adopted Magistrate Judge Wollmann's Report and Recommendation accepting his guilty plea on May 5, 2021. CR Docket 20-50065 at 104. Black Feather's sentencing is scheduled on August 13, 2021. CR 20-50065 Docket 120.

## BACKGROUND

On July 23, 2020, defendants Melvin Brewer, Joshua Black Feather, and Alex Respects Nothing were indicted on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). CR 20-50065 Docket 23. The indictment alleges that the defendants conspired to distribute methamphetamine "no later than on or about October 2014, and continuing to on or about [July 23, 2020]." *Id.* William Reddy was indicted on September 17, 2020, on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). CR 20-50123 Docket 1. A superseding indictment filed on July 22, 2021, included the original count of conspiracy to distribute a controlled substance, and it added an additional count for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). CR 20-50123 Docket 30. The superseding indictment alleges that Reddy conspired to distribute methamphetamine "no later than on or about December 2019, and continuing to on or about [July 22, 2021]." *Id.*

The United States asserts that the defendants—Brewer, Black Feather, Respects Nothing, and Reddy—are "members of the same conspiracy" and "could have been charged in a single indictment." CR 20-50065 Docket 141 at 2; CR 20-50123 Docket 32 at 2. The government states that the defendants were charged in separate indictments in separate cases for "strategic reasons, which are no longer relevant." *Id.* Further investigation in preparation for trial has revealed additional information that connects the four defendants and the

charges in their respective indictments, the government asserts. *Id.* Now that it appears both cases will proceed to trial, the government notes that there would be "significant overlap" of witnesses in the two cases should they be joined. *Id.* And because many of the witnesses will need to travel approximately 80 miles from the Pine Ridge Indian Reservation to Rapid City for trial, the government argues that "a joint trial would greatly assist in making the witnesses' testimony more easily secured, less burdensome[,] and more efficient." *Id.*

## DISCUSSION

The government asserts that joinder is proper under Federal Rules of Criminal Procedure 8(b) and 13. *Id.* at 4. Rule 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 13 states that "[t]he court may order separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." The Federal Rules of Criminal Procedure are to be liberally construed in favor of joinder. *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995)).

Joinder of defendants is limited by Rule 14, which provides that "[i]f the joinder of . . . defendants in . . . a consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A court will sever defendants "only upon a showing of real prejudice to an individual

3

defendant." *United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir. 2011) (citation and internal quotation marks omitted). "To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant[s] or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing." *Id.* (cleaned up). The Supreme Court has found that Rules 8(b) and 14 "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (alteration in original) (citing *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968)).

Here, the government alleges that the defendants participated in the same acts constituting a conspiracy to distribute methamphetamine. CR 20-50065 Docket 141 at 4; CR 20-50123 Docket 32 at 4. The government also alleges that while Brewer joined in the conspiracy earlier, Reddy and Respects Nothing joined in the same conspiracy at a later date. *Id.* The government asserts that its investigation has revealed additional factual connections between the two cases such that there would be an significant overlap of witnesses if the cases proceeded to separate trials. *Id.* Based on these allegations, the court finds that the defendants could have been joined in a single indictment. *See* Fed. R. Crim. P. 13. And the judicial economy and

efficient administration of justice gained in joining the cases for trial weigh in favor of joinder. Thus, under Rule 13, the cases may be joined for trial.

Respects Nothing's *pro se* objection to the motion for joinder is a broad objection to "anything that might delay this trial." CR 20-50065 Docket 143. But he fails to identify how joinder of the two cases would result in delay. His attorney, in a separately filed objection, argues that joinder is improper under Rule 8(b) and that a joint trial would prejudice Respects Nothing. CR 20-50065 Docket 144 at 3. As stated above, the court found that the defendants could have been joined in the indictment and thus joinder of the two cases for trial is proper under Rule 13. As to prejudice, Respects Nothing states that there is a "risk" that a jury will hear allegations against him made by Reddy. *Id.* According to Respects Nothing, the use of redactions, as proposed by the government, will not suffice to eliminate this risk. *Id.* The court disagrees. Respects Nothing has not met his "heavy burden" to show how redacting his name from Reddy's statements presents "real prejudice" barring joinder of the cases for trial. *Payton*, 636 F.3d at 1037. Thus, Respects Nothing's objections are overruled, and it is

ORDERED that the government's motions for joinder (CR 20-50065 Docket 141; CR 20-50123 Docket 32) are granted.

It is FURTHER ORDERED that:

1. CR 20-50065 and CR 20-50123 are consolidated and all future pleadings shall be filed in CR 20-50065.

2. The consolidated caption in CR 20-50065 shall identify the defendants in the following order: "Melvin Brewer, a/k/a Rico; Joshua Black Feather; Alex Respects Nothing; and William Reddy, a/k/a Billy Reddy."

3. The sole count in the Indictment in CR 20-50065 shall be identified as Count I in the jury instructions. Counts I & II in the Superseding Indictment in CR 20-50123 shall be identified as Counts II and III in the jury instructions. The verdict form for trial shall reference the same counts as indicated by this order.

Dated August 5, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE